# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFFORD DURHAM, JR., | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:00-CR-0085-TWT-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NOS. |
| | :: | 1:19-CV-2515-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Clifford Durham, Jr.'s "Application for Writ of Habeas Corpus," [Doc. 15], which the Court construed, after notice to Durham, as a 28 U.S.C. § 2255 motion to vacate, see [Doc. 14].[1] For the reasons that follow, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[2]

---

[1] Although the Court allowed Durham an opportunity to either withdraw or amend his filing, [Doc. 14], he has not done so.

[2] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

## I.  PROCEDURAL HISTORY

On June 9, 2000, the Court entered judgment sentencing Durham to thirty months of imprisonment followed by three years of supervised release, pursuant to his guilty plea for conspiracy to possess methamphetamine with intent to distribute. [Docs. 8; 9; 15].  Durham did not file a direct appeal.

Durham filed this pro se § 2255 motion on May 15, 2019.[3]  [Doc. 15-1 at 4]. Durham raises the following grounds for relief:  (1) his guilty plea was invalid because the Court failed to fully explain the elements of the crime to which he was pleading guilty and because he was not properly informed of his constitutional rights during the plea colloquy, including his right to a trial by jury and the "presumption of innocence"; (2) the Court failed to inform him of his rights to appeal and to assistance of counsel to prepare an appeal; (3) "his conviction was defective because he was not made aware of . . . the permissible range of

---

party."  See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

[3] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it.  Washington, 243 F.3d at 1301.

2

punishment"; (4) both the Court and his attorney failed to inform him that he would not be eligible for parole; (5) his attorney failed to inform him of his rights prior to sentencing, and the record does not indicate that he was advised of his rights; (6) his attorney allowed him to go forward with his plea, even though counsel knew that he had used drugs the night before; and (7) the Court failed to inform him that he had a right to address the Court "with mitigation toward any punishment that [he] might receive." [Docs. 15; 15-1].

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Durham's conviction became final, for purposes of § 2255(f)(1), in June of 2000.  See Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (For § 2255 statute of limitations purposes, "a judgment of conviction becomes final when the time for filing a direct appeal expires.") (citation omitted); Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing deadline for filing a notice of appeal in a criminal case).  Because Durham did not file this § 2255 motion until May 15, 2019, nearly nineteen years after his conviction became final, it was not timely under § 2255(f)(1).

Durham does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 569 U.S. 383, 386, 401 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a

petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Accordingly, this § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Durham's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

5

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Durham's § 2255 motion, [Doc. 15], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 1st day of August, 2019.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE